IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

1:05CV1891

JUDGE NUGENT

PYROTEK, INC. §
§
§
§
Plaintiff §
§ CASE NO. 6:05-CV-146
vs. §
§
§
MOLTEN METAL EQUIPMENT §
INNOVATIONS INC., §
§
§
Defendant §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Molten Metal Equipment Innovations, Inc.'s ("Defendant" or "MMEI") Motion (Docket No. 6) to Dismiss, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, or alternatively, to Transfer to the Northern District of Ohio, pursuant to 28 U.S.C. §1404(a). Having fully considered the parties' written submissions, the Court **GRANTS** the motion and **TRANSFERS** this case to the Northern District of Ohio.

## BACKGROUND

Plaintiff Pyrotek, Inc. ("Plaintiff" or "Pyrotek") is the owner of six patents – acquired by assignment following its February 2005 acquisition of Metaullics Systems L.P. ("Metaullics") – directed to molten metal processing equipment such as molten metal pumps and degassers. Generally speaking, molten metal pumps are used to transport, process, and circulate molten metal. Molten metal degassers are used to inject degassing agents into a molten metal bath to remove

certain impurities from the metal. These large and expensive pieces of industrial equipment are primarily sold to a small number of metal treatment plants and refineries scattered across the nation and world. Plaintiff brings this patent infringement suit against MMEI, one of its key competitors in this field.

MMEI is a small company that was formed in 1990 by Paul Cooper ("Cooper"), a former Metaullics engineer. MMEI is an Ohio corporation owned by Cooper and his business partner, Kevin Doherty. Almost all of MMEI's sales work is personally conducted by Cooper. MMEI's lone facility, which employs twenty-five people, is located in Middlefield, Ohio, a town outside of Cleveland.

MMEI and Metaullics have a long history of litigation. In 1990, shortly after MMEI was formed, Metaullics sued MMEI for infringement of a patent relating to molten metal pumps. This case went to trial in the Northern District of Ohio and eventually concluded in 1996. In 1993, Metaullics sued Cooper for theft of trade secrets. This case went to trial in 1994 in the Cuyahoga County (Ohio) Common Pleas Court, with Cooper receiving a favorable verdict. In 1996, Metaullics sued MMEI in the Northern District of Ohio for patent infringement. This case was dismissed in 1999, on remand from the Federal Circuit. In 1997, MMEI sued Metaullics on a patent dealing with the same technology underlying the earlier theft of trade secrets suit. This case went to trial in 2000 in the Northern District of Ohio. The case eventually settled in 2004, following two appeals to the Federal Circuit.

In April of this year, Pyrotek, the new owner of Metaullics, filed the present suit. MMEI now moves to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil

Procedure. MMEI moves in the alternative for transfer to the Northern District of Ohio, pursuant to 28 U.S.C. § 1404(a).

## PERSONAL JURISDICTION

*Applicable Law*

"Federal Circuit law governs the issue of personal jurisdiction in this patent-related case." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). The Federal Circuit though defers to the law of the local circuit on questions that are "purely procedural" or not unique to patent law. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1561 (Fed. Cir. 1994).

For personal jurisdiction to exist over a non-domiciliary, jurisdiction must exist under the state long arm statute and must be consistent with limitations of the due process clause. *See Tritec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Because the Texas long arm statute is co-extensive with the limits of due process, the two inquiries collapse into the question of whether the Court's exercise of personal jurisdiction over a defendant comports with Constitutional due process. *See Langton v. Cbeyond Comm, LLC*, 282 F. Supp. 2d, 504, 508 (E.D. Tex. 2003)(Davis, J.). Thus, a defendant is subject to personal jurisdiction if he has "minimum contacts" with Texas and if exercise of jurisdiction over the nonresident does not offend traditional notions of "fair play and substantial justice." *Deprenyl*, 297 F.3d at 1350-51. The plaintiff holds the burden of establishing minimum contacts, but the defendant holds the burden of demonstrating the presence of other considerations that render the exercise of jurisdiction unreasonable. *See Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Personal jurisdiction is either specific or general in nature. Specific jurisdiction exists when the cause of action arises out of, or relates to, the defendant's contact with the forum, even if those contacts are isolated and sporadic. *See Tritec,* 395 F.3d at 1279. Specific jurisdiction "take[s] a restrictive view between causes of action and contacts . . . requir[ing] virtually a direct link between [the] claim and contacts." *Gorman v. Grand Casino Coushatta,* 1 F. Supp. 2d. 656, 658 (E.D. Tex. 1998)(Schell, J.). General jurisdiction arises when the defendant's contacts with the forum are "continuous and systematic," even if the cause of action bears little relation to the defendant's contacts with the forum. *See Tritec,* 395 F.3d at 1279. When the Court rules on the existence of specific or general jurisdiction without an evidentiary hearing, all factual disputes are resolved in favor of the plaintiff, who may carry his burden by presenting a prima facie case that personal jurisdiction is proper. *See Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985).

"Once a plaintiff makes the required showing that there have been sufficient minimum contacts" to establish either specific or general jurisdiction, "the defendant may still defeat jurisdiction by marshaling a compelling case against jurisdiction on the grounds that its exercise would be unreasonable [and] contrary to concepts of fair play and substantial justice." *Viam Corp. v. Iowa Export-Import Trading Co.,* 84 F.3d 424, 429 (Fed. Cir. 1996). "The test of unreasonableness is a multi-factored balancing test that weighs . . . (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." *Id.* However, "defeats of otherwise constitutional personal jurisdiction are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly

4

outweighed by the burden of subjecting the defendant to litigation within the forum." *Akro Corp. v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995).

*Analysis*

To establish specific jurisdiction, Plaintiff has presented evidence showing sales of potentially infringing molten metal pumps and accessories by Defendant to an aluminum smelting plant in Sweetwater, Texas. The Court concludes that these sales establish specific jurisdiction in Texas, since "[i]n patent cases, where a defendant infringer is shown to have sold or offered for sale an allegedly infringing product in the forum state, the forum may exercise specific personal jurisdiction." *Int'l Truck & Engine Corp. v. Dawson Int'l Inc.*, 216 F. Supp. 2d 754, 758 (N.D. Ind. 2002)(citing *3D Sys. Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378-79 (Fed. Cir.1998)).

Defendant has presented no evidence showing the exercise of specific jurisdiction would be unreasonable. Indeed, Cooper has allegedly made several trips to Texas to service these pumps and regularly contacts the Sweetwater plant to make future sales. The Court accordingly denies the motion to dismiss for lack of jurisdiction.

## VENUE

*Applicable Law*

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When a defendant objects to venue, "the burden is on the plaintiff to establish that the district he chose is a proper venue." 15 Wright, Miller

5

& Cooper, *Federal Practice and Procedure* § 3826 (2d ed. 1986).

28 U.S.C. §1400(b) is the exclusive venue statute for patent infringement claims. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579-80 (Fed. Cir. 1990). To establish venue, a plaintiff must establish one of two prongs of Section 1400(b). One prong is relatively straightforward, providing that venue is proper "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b). The other prong is more nuanced, providing that venue is proper "where the defendant resides." 28 U.S.C. §1400(b). For corporate defendants, such as the parties in the present case, residency is defined by the corporate defendant venue provision of 28 U.S.C. §1391(c). *See VE Holding*, 917 F.2d at 1580. Accordingly, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(c). A corporation is deemed to reside within a judicial district located in a multi-district state like Texas if "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.* Thus, to establish venue, the Court must perform the jurisdictional analysis discussed in the previous section, but limit that analysis to the Eastern District of Texas.

*Analysis*

Because Defendant does not have a regular and established place of business in the Eastern District, the Court's analysis in the present case only needs to focus on whether Defendant's contacts with the Eastern District are sufficient to establish jurisdiction here.

To establish specific jurisdiction in the Eastern District, Plaintiff has presented evidence showing that Cooper made telephone calls to the Alcoa plant in Texarkana, Texas in an attempt to

6

sell accused infringing products. Defendant admits these calls were made, but claims that Alcoa refuses to accept Cooper's calls. With Cooper unable to speak to anyone at Alcoa, Defendant asserts that Cooper could not have made an offer for sale, since making an offer for sale requires the accused infringer to "communicate[ ] to prospective buyers both a description of the product and the price at which it can purchased." *Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1308 (Fed. Cir. 1999). Because the Court is making its ruling on the briefs, it must resolve all factual disputes and draw all inferences in favor of Plaintiff. *See Langton*, 282 F. Supp. 2d at 508. Thus, despite Defendant's assertions to the contrary, the Court concludes that Cooper's sales calls to Alcoa constituted an offer to sell accused infringing products.

However, subjecting Defendant to specific jurisdiction on the sole grounds of a few unsuccessful sales calls would be unreasonable and contrary to concepts of fair play and substantial justice.[1] Indeed, "[s]ome single or occasional acts related to the forum" should not "establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n.18. Defendant could not have reasonably anticipated being haled into court in the Eastern District on the basis of a few unsuccessful phone calls. As such, Defendant would be tremendously burdened by

---

[1] Plaintiff also asserts that specific jurisdiction is established by Defendant's website, which is accessible to residents of the Eastern District. However, this website is accessible to people anywhere in America. Simply having a website does not establish personal jurisdiction anywhere in America. To establish jurisdiction, the website must actively sell accused infringing products. *See Nutrition Physiology Corp. v. Enviros Ltd.*, 87 F. Supp. 2d 648, 654-55 (N.D. Tex. 2000). A website that passively provides general information about a company and its products is insufficient to establish personal jurisdiction. *See 3D Sys. Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380 (Fed. Cir.1998). Defendant's website is passive, containing rudimentary company and product information. "The mere fact that a person can gain information on the allegedly infringing product is not the equivalent of a person advertising, promoting, selling or otherwise making an effort to target its product in [Texas]." *Bensusan Rest. Corp. v. King*, 937 F.Supp. 295, 299 (S.D. N.Y. 1996). Because Defendant's website makes no effort to specifically target the Eastern District, the website does not establish specific jurisdiction. Therefore, specific jurisdiction is only established by the alleged sales calls to the Alcoa plant in Texarkana.

being forced to litigate here.

The interstate judicial system's interest in obtaining the most efficient resolution of controversies is also not furthered by trying this case in the Eastern District. Aside from the phone calls, Defendant has "established no *meaningful* contacts, ties, or relations" with the Eastern District. *Id.* at 472 (emphasis added). The Eastern District has virtually no localized interest in resolving this patent dispute, while other districts, most prominently the Northern District of Ohio, have more appropriate connections the parties and alleged infringement. Thus, the Court concludes that Defendant's contacts with the Eastern District should not establish specific jurisdiction and accordingly finds venue to be improper.

Having found venue to be improper, the Court must now determine whether to dismiss the case, or whether interests of justice favor transfer. *See* 28 U.S.C. § 1406(a). "A Court transferring venue under § 1406 must simply determine a venue in which the action originally could have been brought that serves the interest of justice." *de Rojas v. Trans States Airlines, Inc.,* 204 F.R.D. 265, 269 (D. N.J. 2001). The Court need not perform the formal analysis required when transferring venue under § 1404. *Id.* The Court concludes that this suit could have been brought in the Northern District of Ohio, since Defendant is based in that district, and that transfer serves the interest of justice. Because of the parties' lengthy litigation history, the Northern District of Ohio has familiarity with the technologies-at-issue and is well-equipped to efficiently handle this case. The Northern District of Ohio also has a local interest in resolving this dispute, as the accused infringing products were presumably designed and manufactured there. The Court therefore transfers the present case to the Northern District of Ohio.

8

## CONCLUSION

Having concluded that venue is improper in the Eastern District of Texas, the Court GRANTS Defendant's motion and TRANSFERS the present case to the Northern District of Ohio.

So ORDERED and SIGNED this 28th day of June, 2005.

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE